IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SRIRAM RAJASEKARAN,<br>KASTHURI SRIRAMVENUGOPAL,<br>and MUGHIL SRIRAMVENUGOPAL, | )<br>)<br>)<br>) | 4:13CV3174 |
| Plaintiffs, | )<br>) | MEMORANDUM<br>AND ORDER |
| v. | )<br>) | |
| MARK HAZUDA, Director, Nebraska<br>Service Center, U.S. Citizenship and<br>Immigration Services, ALEJANDRO<br>MAYORKAS, Director, U.S. Citizenship<br>and Immigration Services, ERIC HOLDER<br>JR., Attorney General of the United States,<br>and RAND BEERS, Acting Secretary<br>Department of Homeland Security, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiffs have filed a motion for a temporary restraining order and preliminary injunction "to toll the accrual of any unlawful presence as of the date of filing the Complaint in the present case" and "order[ing] that USCIS consider Plaintiffs' adjustment of status applications pending during the pendency of the current lawsuit" (filing 13). This filing follows the USCIS Administrative Appeals Office's rejection of Plaintiffs' administrative appeals. *See* status report (filing 12).

In *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), the Court of Appeals clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict

on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

"The party seeking injunctive relief bears the burden of proving these factors." Lankford v. Sherman, 451 F.3d 496, 503 (8th Cir. 2006). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir.1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . .." Dataphase, 640 F.2d at 113.

I believe the *Dataphase* case should be applied to temporary restraining order situations. That said, and emphasizing that my mind may be changed by a better developed record and briefing, I find and conclude that the *Dataphase* factors favor Plaintiffs because they have a fair probability of success on the merits and are liable to suffer irreparable harm if nothing is done (such as being barred from readmission to the United States in the future and being unable to work or to obtain driver's licenses while this case is pending), whereas Defendants will suffer no hardship and there is no obvious public interest in denying Plaintiffs the temporary relief requested.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' motion for a temporary restraining order (filing 13, part 1) is granted, as follows:

    From the date of commencement of this action, and until such time as the court rules on Plaintiffs' motion for preliminary injunction or until further order of the court, the accrual of any "unlawful presence" time against Plaintiffs is tolled, and Defendants shall treat Plaintiffs'

applications for adjustment of status as if they were still pending. No security shall be required.

2. Plaintiffs' motion for a preliminary injunction (filing 13, part 2) will be considered at a later date. Plaintiffs' counsel shall make necessary arrangements with Defendants' counsel to contact my judicial assistant, Kris Leininger, by telephone at (402) 437-1640, to schedule a conference call between counsel for the parties and myself to discuss scheduling a hearing on the motion. During the scheduling conference counsel should be prepared to discuss, among other things, whether the trial on the merits (*i.e.*, the court's determination of cross-motions for summary judgment, based on a review of the certified administrative record) should be consolidated with the preliminary injunction hearing pursuant to Fed. R. Civ. P. 65(a)(2).

DATED this 27th day of March, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge